# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50806
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUDY NARANJO,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-134-1

---

Before SMITH, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Rudy Naranjo, federal prisoner #65240-080, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He asserts that the district court erred by basing its denial on the 18 U.S.C. § 3553(a) analysis from his initial sentencing and by failing to explain its decision adequately.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50806

We review for abuse of discretion the denial of a motion for compassionate release. *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020). Even assuming that Naranjo has cited an extraordinary and compelling reason warranting compassionate release, he fails to show that the district court abused its discretion by denying relief based on the § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

Contrary to Naranjo's contention, the district court did not adopt the § 3553(a) analysis from his initial sentencing but instead reviewed the briefs, agreed with the government's § 3553(a) analysis, and based its decision on the nature and circumstances of the offenses of conviction, Naranjo's criminal history and characteristics, and the need for the sentence to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from Naranjo's further crimes. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(C). While Naranjo asserts that the district court's explanation fails to satisfy the requirements in *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018), he is incorrect. Finally, to the extent that Naranjo merely disagrees with the district court's balancing of the § 3553(a) factors, he does not establish an abuse of discretion. *See Chambliss*, 948 F.3d at 694.

AFFIRMED.

2